# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Lee Stabnow,<br><br>   Petitioner,<br><br>v.<br><br>DHS Commissioner's Office,<br><br>   Respondent. | Case No. 19-cv-1539 (PAM/TNL)<br><br>**REPORT &<br>RECOMMENDATION** |

Robert Lee Stabnow, 1111 Highway 73, Moose Law, MN 55767 (pro se Petitioner); and

Leonard J. Schweich and Matthew Frank, Assistant Attorneys General, Minnesota Attorney General's Office, 445 Minnesota Street, St. Paul, MN 55101 (for Respondent).

This matter comes before the Court on Petitioner Robert Lee Stabnow's Petitions under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (ECF Nos. 1 & 8) and his motion for summary judgment (ECF No. 14). This matter has been referred to the undersigned for a Report and Recommendation to the Honorable Paul A. Magnuson, District Judge for the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons that follow, the Court recommends that the Petition and motion for summary judgment be denied.

## I. BACKGROUND

Petitioner Robert Lee Stabnow has been civilly committed as Sexually Dangerous Person at the Minnesota Sex Offender Program ("MSOP") since August 31, 2007. (ECF No. 13-2, p. 134). Petitioner did not directly appeal the order committing him, but has since

1

challenged his commitment unsuccessfully in several ways. In 2013, he filed a petition for a writ of habeas corpus in Minnesota state court. (ECF No. 13-1, p. 413; ECF No. 13-2, p. 198). Petitioner did not appeal the order denying him habeas relief. Two years later, Petitioner filed a motion for relief under Minnesota Rule of Civil Procedure 60.02. (ECF No. 13-1, p. 220; ECF No. 13-1, p. 405). Petitioner did appeal from the decision denying him relief under Rule 60.02. The Minnesota Court of Appeals affirmed and the Minnesota Supreme Court denied review. (ECF No. 13-1, p. 37-41). Petitioner has also twice petitioned the Special Review Panel and Judicial Appeal Panel for transfer, provisional discharge, or discharge. (ECF No. 13-1, pp. 3-5, 9-22). Both petitions were denied, with the most recent decision being entered on September 17, 2018. (*Id.*).  Petitioner did not appeal the denial of either petition to Minnesota's appellate courts.

On June 11, 2019, Petitioner filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. (ECF No. 1). He contends that his "commitment is for an undetermined time" and that, among other things, it violates his rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments. (ECF No. 1, pp. 1, 9). Petitioner seeks "declaratory and injunctive relief," including an order vacating his commitment.

On July 30, 2019, Petitioner filed an amended petition, so that he could change the name of the responding party and add certain exhibits in support of his claim. (ECF No. 8). Respondent answered the Petition on August 29, 2019. Petitioner filed a reply brief, along with a motion for summary judgment, on September 9, 2019. The Court then took the matter under advisement.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs review of habeas corpus petitions filed by persons civilly committed under state law. Persons civilly committed under state law may seek relief on the grounds that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Relief may be granted under Section 2254 only if the petitioner can establish that a state court proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d).

A person seeking relief under Section 2254 must file his or her application within a "1-year period of limitation." 28 U.S.C. § 2244(d)(1). The one-year period runs from the latest of: (1) the date that direct appeal is concluded or the expiration of the time for seeking such review; (2) the date on which the impediment to applying for habeas relief is removed; (3) the date on which the constitutional right was initially recognized; or (4) the date on which the claims could have been discovered through the reasonable exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Time during which a properly-filed state postconviction petition or similar motion is pending does not count toward the one-year period of limitation. 28 U.S.C. § 2244(d)(2). But the fact that a person files a postconviction petition or similar motion does not reset the one-year period of limitation. *Johnson v. Mooney*, No. 05-cv-1030, 2006 WL 1284076, at *4 n. 4 (D. Minn. May 10, 2006). It merely

pauses the clock on the limitations period until that petition or motion is resolved. *Id*. A late-filed postconviction petition or other similar motion "cannot revive a time period that has already expired." *Id*. (citation omitted).

### A. Claims Related to the Commitment Order are Time-Barred

It is not clear what state court proceeding Petitioner is claiming resulted in a decision that was contrary to or resulted in an unreasonable application of federal law. 28 U.S.C. § 2254(a). On the very first page of his Amended Petition, he indicates that he seeks relief from the August 31, 2007 decision ordering that he be civilly committed. To the extent Petitioner seeks relief from that order, the Court must recommend the Amended Petition be denied with prejudice. The time to appeal that order expired on October 30, 2008. *See* Minn. R. Civ. App. P. 104.01, subd. 1 (providing 60 days to appeal district court judgment). Petitioner, however, did not seek habeas relief until July 2019, nearly 11 years after the one-year statute of limitations expired. Any claim related to the August 31, 2007 decision is therefore time-barred.

Petitioner has not identified any impediment that prevented him from challenging that order in a timely fashion. Nor has he claimed that his petition relates to constitutional rights that were recognized by the United States Supreme Court only after he was civilly committed. The fact that beginning in 2013, Petitioner began to seek relief from the Judicial Appeal Panel and through other state court proceedings does not restart the one-year limitations period for claims related to the initial commitment order. *See Johnson*, 2006 WL 1284076, at *4 n. 4. Accordingly, the Court recommends that the Amended Petition

4

be denied and dismissed with prejudice to the extent that Petitioner seeks relief from the August 31, 2007 order.

### B. Claims Related to the 2018 Judicial Appeal Panel Order are Unexhausted

Petitioner also notes that he filed his Petition (and Amended Petition) within one year of the Judicial Appeal Panel's 2018 decision denying him relief.[1] (ECF No. 15, p. 10). Therefore, out of an abundance of caution, the Court will construe the Amended Petition as also arguing that the 2018 Judicial Appeal Panel proceedings led to a decision that was contrary to or an unreasonable application of clearly established federal law.  Because Petitioner filed the Amended Petition within one year of that decision, claims related to that decision are not time barred.

But in order to seek habeas relief in federal court, however, Petitioner must first "exhaust his remedies in state court. In other words, [he] must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see* 28 U.S.C. § 2254(b)(1). "To provide the State with the necessary 'opportunity,' [he] must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted). Here, Petitioner did not appeal the Judicial Appeal Panel's 2018 decision to the Minnesota appellate courts. Accordingly, Petitioner's claims are unexhausted.

---

[1] Though the Judicial Appeal Panel decision is part of the record (ECF No. 13-1, pp. 3-5), it does not appear that the recommendation of the Special Review Board is included.

### C. Claims Related to the 2018 Judicial Appeal Panel Order are not Procedurally Defaulted

Because Petitioner's claims are unexhausted, the Court must then determine "whether a state court would accord the petitioner a hearing on the merits." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (citing *Harris v. Reed*, 489 U.S. 255, 268–70 (1989) (O'Connor, J., concurring)). If a state procedural rule would "independently and adequately" bar direct review of the claim, then the claim is procedurally defaulted. *Clemons v. Lubbers*, 381 F.3d 744, 750 (8th Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). A federal court may enforce a state procedural bar only if it is clear that the state court would hold the claim procedurally barred. *Clemons*, 381 F.3d at 750.

Were Petitioner seeking relief from a Minnesota criminal proceeding, the procedural default analysis would be relatively simple. A Minnesota state prisoner seeking to attack his or her conviction must either file a direct appeal to the Minnesota Court of Appeals or Minnesota Supreme Court or file a postconviction petition. *See State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). Minnesota law provides that once a prisoner has directly appealed his or her sentence, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Id.*; *see also McCall*, 114 F.3d at 757. Thus, if Petitioner were challenging a state criminal proceeding, the Court's procedural default analysis would be informed by *Knaffla* and its progeny.

But the 2018 Judicial Appeal Panel proceedings relevant to this Petition were not criminal proceedings. They were a civil matter that resulted in Petitioner's continued civil

commitment as a Sexually Dangerous Person. There are multiple ways that a person may challenge his or her continued civil commitment in Minnesota. The Court must consider whether any of those proceedings would allow Petitioner a hearing on the merits of his claims. If so, Petitioner's claims related to the Judicial Appeal Panel's 2018 Decision would not be procedurally defaulted.

### 1. Petitioner May Obtain Review of his Claims by Filing a Petition under the Minnesota Commitment and Treatment Act

The most common way a patient can challenge his or her continued civil commitment is by filing a petition for transfer, discharge, or provisional discharge under the Minnesota Commitment and Treatment Act: Sexually Dangerous Persons and Sexual Psychopathic Personalities ("MCTA"). *See* Minn. Stat. § 253D.01, *et seq*. The MCTA authorizes provisional discharge when "the committed person is capable of making an acceptable adjustment to open society," based on the person's course of treatment, present mental status, and conditions of the provisional discharge plan. Minn. Stat. § 253D.30, subd. 1(b). It permits full discharge when it is determined that "that the committed person is capable of making an acceptable adjustment to open society, is no longer dangerous to the public, and is no longer in need of treatment and supervision." Minn. Stat. § 253.D.31. And it allows the transfer of a patient when "appropriate," based on several factors. Minn. Stat. § 253D.29, subd. 1.

It is not clear whether a MSOP patient can bring constitutional claims in a MCTA proceeding. Nothing in the statutory text of the MCTA specifically allows the discharge of an individual based on the fact that his or her continued detention violates her constitutional

7

rights. But the Minnesota appellate courts have explained that *any claim for discharge or transfer* must be brought through a MCTA petition, regardless of the type of claim brought. *See In re Civil Commitment of Lonergan*, 811 N.W.2d 635, 642 (Minn. 2012) (holding that because the MCTA does not provide procedures for claims that "do not specifically request transfer or discharge," those claims may be raised in a different forum); *In re Civil Commitment of Moen*, 837 N.W.2d 40, 47 (Minn. App. 2013) (interpreting phrase "do not specifically request transfer or discharge" to encompass only those claims that "seek a specific form of relief other than transfer or discharge"), *rev. denied* (Minn. Oct. 15, 2013).

In this case, because Petitioner seeks "discharge" from MSOP on a variety of grounds, the MCTA provides him an avenue from which to seek state review of his claims – constitutional or otherwise. The fact that Petitioner previously filed a petition under the MCTA does not preclude him from filing a successive petition. Minn. Stat. § 253D.27, subd. 2 (permitting patients to petition the Judicial Appeal Panel every six months).[2] As a result, Petitioner's claims are not procedurally defaulted.

### 2. Petitioner May Also Obtain Review of his Claims by Filing a State Habeas Petition

Civilly committed persons may also challenge the legality of their commitment by filing a state habeas petition. *Joelson v. O'Keefe,* 594 N.W.2d 905, 908 (Minn. App. 1999), *rev. denied* (Minn. July 28, 1999); *see also Moen*, 837 N.W.2d at 47-48. Though a state habeas petitioner may raise only constitutional or jurisdictional challenges to the legality of his or her commitment, *Larson v. Jesson*, No. A10-2214, 2011 WL 2623446, at

---

[2] In fact, Petitioner has already filed a new petition under the MCTA. (ECF No. 15, p. 7 n. 3). He will be able to appeal any decision resulting from that petition to the Minnesota state appellate courts.

*2 (Minn. App. July 5, 2011), it is not clear that those limitations would bar review of the claims that Petitioner raised before the Judicial Appeal Panel in 2018. *See Clemons*, 381 F.3d at 750 (prohibiting a federal court from enforcing a state procedural bar unless clear the state court would do the same). For this reason as well, claims related to the 2018 Judicial Appeal Panel Proceedings are not procedurally defaulted.

### D. Because Claims Related to the 2018 Judicial Appeal Panel Proceedings are not Procedurally Defaulted, the Court will Recommend Those Claims be Dismissed Without Prejudice

"When a state court remedy is available for a [petitioner's] unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the 'stay and abeyance" procedure' described by the United States Supreme Court in *Rhines v. Weber*[.] *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005). Stay and abeyance, however, "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. 269, 277 (2005). No good cause exists here. Petitioner admits that he has simply given up litigating his claims in state court. Accordingly, the Court recommends the unexhausted claims be dismissed without prejudice.

Petitioner also suggests this Court excuse the exhaustion requirement, arguing that it is not possible for him to receive a fair hearing on his claims through state proceedings. This Court declines to recommend this. Petitioner's argument is based on a series of conclusory allegations. He has provided no reason for the Court to conclude he would be subject to an unfair proceeding at the state level. The fact that Petitioner is frustrated with

9

decisions reached in the state courts is no reason for this Court to recommend the exhaustion requirement be waived.

### E. No Certificate of Appealability Should Issue

Pursuant to Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appeal may issue only upon a showing that the issues raised by the Petitioner satisfy the standard set forth in 28 U.S.C. § 2253(c)(2). Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts. Under that statute, federal district courts may not grant a certificate of appealability unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, the petitioner must show "that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, this Court concludes that it is unlikely that reasonable jurists would find the question of whether to dismiss the petition debatable, or that some other court would decide this petition differently. Further, the issues raised by Petitioner are not unique and do not otherwise call for further proceedings. This Court therefore recommends that a certificate of appealability not issue.

### F. Summary Judgement Should be Denied

Finally, Petitioner has moved for summary judgment in this matter. Motions for summary judgment are not proper in habeas cases. *Jones v. Wilson*, No. 14-cv-3246, 2015 WL 4727285, at *2 (D. Minn. Aug. 7, 2015). Furthermore, in light of the Court's

analysis above, it is apparent that Petitioner is not entitled to habeas relief. As a result, the Court recommends the summary judgment motion be denied.

### III. RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. To the extent Petitioner is challenging the August 31, 2007 decision ordering him committed (ECF No. 13-2, pp. 94-134), the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) and amended Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (ECF No. 8) be **DENIED** and **DISMISSED WITH PREJUDICE;** and

2. To the extent Petitioner is challenging the 2018 decision of the Judicial Appeal Panel (ECF No. 13-1, pp. 4-5), the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) and amended Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (ECF No. 8) be **DENIED** and **DISMISSED WITHOUT PREJUDICE;**

3. Petitioner's Motion for Summary Judgment in Petition for Writ of Habeas Corpus (ECF No. 14) be **DENIED**; and

4. A certificate of appealability not issue.

Date:  September 23, 2019                     *s/ Tony N. Leung*
                                              Tony N. Leung
                                              United States Magistrate Judge
                                              for the District of Minnesota

                                              *Stabnow v. DHS Commissioner's Office*
                                              Case No. 19-cv-1539 (PAM/TNL)

### NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).