UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert Lee Stabnow,  Civ. No. 19-1539 (PAM/TNL)

    Petitioner,

v.  **MEMORANDUM AND ORDER**

DHS Commissioner's Officer,

    Respondent.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung dated September 23, 2019. In the R&R, Magistrate Judge Leung recommends denying Petitioner's Motion for Summary Judgment, and dismissing the Petition and Amended Petition without prejudice as to one claim and with prejudice as to another. Petitioner filed timely objections to the R&R.

This Court must review de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). After conducting the required review and for the following reasons, the Court **ADOPTS** the R&R. (Docket No. 19.)

**BACKGROUND**

Petitioner Robert Lee Stabnow is currently committed to the Minnesota Sex Offender Program ("MSOP"). As recounted in the R&R, he has challenged his commitment several times in state court. (R&R at 2.) The instant federal Petition seeks a declaratory judgment vacating his commitment for violations of his constitutional rights.

**DISCUSSION**

The R&R concluded that, to the extent Stabnow challenges his initial commitment order, that challenge is time-barred. (R&R at 4.) To the extent Stabnow challenges the state court's most recent decision regarding his commitment, the R&R recommended dismissal of that challenge without prejudice for failure to exhaust remedies. (Id. at 9.) Stabnow's objections make clear that he does not challenge his initial commitment proceeding, but rather he believes the laws governing his commitment are unconstitutional both facially and as applied to him. (Obj. (Docket No. 20) at ¶ 7.j; ¶ D.15.)

Underlying Stabnow's claims is his belief that he cannot receive a fair hearing regarding his commitment in state court because state judges are elected and thus are politically motivated to be biased against MSOP detainees. (Id. ¶ 7.a.) This bias allegedly extends to the legislative and executive branches of state government, which prevents Stabnow "from receiving a fair and unbiased review of his commitment under the discharge process outlined in [Minnesota] law." (Id. ¶ 7.e.) Thus, he argues that the Court should not require him to exhaust his state-court remedies.

To the extent Stabnow contends that the Minnesota civil commitment statute is unconstitutional, either as applied to him or on its face, the Eighth Circuit has ruled otherwise, and this Court is bound by that ruling. Karsjens v. Piper, 845 F.3d 394, 410-11 (8th Cir. 2017). Further, the Court agrees with Magistrate Judge Leung that a challenge to the fairness of the state judiciary as a whole, especially one that relies solely on innuendo and supposition, is not well taken. The Court will not presume that Minnesota state judges are anything less than fair and unbiased, as their judicial oath requires. Thus, the R&R's

conclusion that Stabnow must bring his claims to the state courts in the first instance is correct.

Stabnow also contends that commitment to MSOP is punishment in violation of his double-jeopardy rights, and moreover is cruel and unusual punishment in violation of the Eighth Amendment. (Obj. ¶ 7.d.) He describes the alleged unfair treatment that underlies his contentions, but it appears that this treatment is the subject of a separate lawsuit and is included only to illustrate what Stabnow contends are unconstitutional conditions at MSOP. (See Docket No. 17 ¶ 19.) But even taken as true, the treatment Stabnow describes does not rise to the level of an Eighth Amendment violation. See Wilson v. Seiter, 501 U.S. 294, 298 (1991) ("[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation.") (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Whether the conditions violate the Minnesota constitution is a matter for the state courts to determine, and this challenge, too, must be first presented to the state courts before Stabnow can seek federal relief.

Finally, Stabnow has not established that he is entitled to a certificate of appealability on his claims. Stabnow has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, no certificate of appealability will issue.

**CONCLUSION**

Stabnow is required to present his claims to the state courts in the first instance. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Petition (Docket No. 1) and amended Petition (Docket No. 8) are **DENIED** and **DISMISSED WITHOUT PREJUDICE**;

2. Petitioner's Motion for Summary Judgment (Docket No. 14) is **DENIED**; and

3. A certificate of appealability will not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October 11, 2019             *s/ Paul A. Magnuson*
                                                             Paul A. Magnuson
                                                             United States District Court Judge